# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 24-1265                                September Term, 2024

SEC-Rel34-100498

**Filed On:** April 28, 2025

Andrei Grenader,

      Petitioner

      v.

Securities and Exchange Commission,

      Respondent

### PETITION FOR REVIEW FROM AN ORDER OF THE SECURITIES AND EXCHANGE COMMISSION

**BEFORE:**    Pillard, Katsas, and Rao, Circuit Judges

### J U D G M E N T

This petition for review of an order of the Securities and Exchange Commission ("SEC") was considered on the briefs and appendices filed by the parties, respondent's Rule 28(j) letter, and the response thereto. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied. Petitioner has not shown that the SEC's July 11, 2024 order denying his application for a whistleblower award was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See 15 U.S.C. § 78u-6(f); 5 U.S.C. § 706(2); Doe v. SEC, 114 F.4th 687, 691 (D.C. Cir. 2024). The SEC denied petitioner's application on two grounds. First, it concluded that petitioner had failed to show that the information he provided to the SEC "led to the successful enforcement" of the covered action, as required by 15 U.S.C. § 78u-6(b)(1). The SEC's determination was supported by substantial evidence in the form of declarations from one of the primary enforcement attorneys assigned to the underlying investigation. See 17 C.F.R. § 240.21F-12(a)(4); Doe v. SEC, 846 F. App'x 1, 3-4 (D.C. Cir. 2021). The declarations explained that the whistleblower information submitted by petitioner did not in any way assist or contribute to the covered action, and petitioner has provided no persuasive reason to question these assertions. As to petitioner's argument that whistleblowers' limited access to evidence is unfair and violates due process, petitioner has forfeited that argument by not raising it before the SEC. See 15 U.S.C. § 78y(c)(1); Doe v. SEC, 28 F.4th 1306, 1316 (D.C. Cir. 2022).

The SEC also denied petitioner's application for a whistleblower award on the ground that it was untimely.  The SEC's whistleblower rules explain that, after the Office of the Whistleblower publishes on the SEC's website a "Notice of Covered Action," a "claimant will have ninety (90) days from the date of the Notice of Covered Action to file a claim for an award based on that action, or the claim will be barred."  17 C.F.R. § 240.21F-10(a).  It is undisputed that petitioner filed his claim for an award more than ninety days after the date the Notice of Covered Action was published on the SEC's website.  The claim therefore was untimely.  Although petitioner suggests that his claim should be considered filed on the date his whistleblower tip was submitted, he offers no authority supporting that position.  Nor has petitioner demonstrated any error in the SEC's decision not to excuse his untimely filing.  The SEC explained that its rules provide for constructive, not actual, notice of the posting of a covered action and of the deadline for submitting a claim, and the SEC has no duty to give potential claimants actual notice of those facts.  See id.  Because petitioner was on constructive notice, the SEC determined there was no excuse for his untimely claim.  This decision was consistent with the SEC's precedent, and petitioner has not demonstrated that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  See Doe, 114 F.4th at 691.  Nor do petitioner's remaining arguments demonstrate any basis for setting aside the SEC's decision.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**